**In re George Henry HEINTZ, Debtor.**

**George Henry HEINTZ, Appellant,**

**v.**

**Raymond A. CAREY, Chapter 7 Trustee, Appellee.**

BAP No. NC–95–1792–RAsV.

Bankruptcy No. 92–12299.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on May 24, 1996.

Decided July 8, 1996.

Craig A. Burnett, Santa Rosa, CA, for Appellant.

Stephen P. Arnot, Philip M. Arnot, Eureka, CA, for Appellee.

Before: RUSSELL, ASHLAND, and VOLINN, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

The debtor listed myriad personal property and equipment as exempt on his schedules. Although the claimed exemptions clearly exceeded the statutory limits, no one objected and the debtor obtained the exemptions by default. All the exempted property was encumbered by a judicial lien.

With the debtor's cooperation, the chapter 7[1] trustee collected the exempt property and, after obtaining authorization from the bankruptcy court, sold the assets at auction.

Next, the trustee and the lien creditor entered into a stipulated judgment to avoid the lien encumbering the exempt property. The bankruptcy court's order approving the stipulation provided that the avoided lien would be preserved for the benefit of the estate pursuant to § 551.

The debtor filed a motion to compel the trustee to deliver to him the proceeds from the sale of the exempt assets. The bankruptcy court denied the motion. The debtor appeals. We AFFIRM.

## I. FACTS

On May 6, 1992, Charlie Heintz dba C & L Stripping, Inc. entered into a stipulation for judgment against his brother, George H. Heintz, in the Superior Court of the State of California, for the County of Sonoma. The judgment was for $34,196.75 with interest at 10% per annum. On July 24, 1992, Charlie Heintz filed an abstract of judgment and duly recorded a notice of judgment lien against all of his brother's personal property. The recorded lien was for $50,381.73.

Within 90 days of the recordation, George H. Heintz ("Heintz" or "debtor") filed for chapter 13 relief. On his schedule C, titled "Property Claimed As Exempt", the debtor listed as exempt various items of paving equipment and personalty. According to the

---

1. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101—1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001—9036.

debtor's schedules, the value of the claimed exemptions was approximately $100,000, well beyond the statutory limit.[2]

On March 1, 1993, the debtor voluntarily converted his bankruptcy case to chapter 11. After the conversion, the debtor, as debtor in possession, filed a complaint to avoid his brother's lien as a preferential transfer pursuant to § 547. However, on June 7, 1994, before the trial on the preference action, the case was converted to chapter 7 and Raymond A. Carey was appointed the chapter 7 trustee. A § 341 meeting of creditors was conducted and concluded on August 16, 1994.

After a hearing, the trustee obtained an order from the bankruptcy court, entered on August 26, 1994, authorizing him to liquidate the exempt property which was subject to the judicial lien. With the cooperation of the debtor and his brother, the trustee collected the assets and proceeded to sell them at auction. The auction netted approximately $40,000 which the trustee deposited in the estate's account.[3]

In October 1994, the trustee, as the substituted plaintiff in the preference action, entered into a stipulated judgment to avoid Charlie Heintz's lien. On October 31, 1994, the bankruptcy court entered an order approving the stipulation which explicitly preserved the lien for the estate pursuant to § 551.

On May 25, 1995, the debtor filed a motion "To Compel Trustee To Deliver Exempt Assets." The debtor contended that, in accordance with *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), he was entitled to the proceeds from the sale of his exempt assets because no one objected to his exemptions within the statutory time period. He further argued that because the property was exempt, it was no longer property of the estate and, therefore, the avoided lien could not be preserved for the benefit of the estate pursuant to § 551.

The trustee contended that the prepetition judicial lien encumbering the exempt assets was avoided and preserved for the benefit of the bankruptcy estate pursuant to the bankruptcy court's order approving the stipulated judgment in the preference action and § 551. The trustee claimed that the proceeds from the sale of the assets remained subject to the estate's lien.

After a hearing on June 23, 1995, the bankruptcy court entered an order denying the debtor's motion. The debtor appeals.

## II. ISSUE

Whether an avoided lien is preserved for the estate pursuant to § 551 when the avoided lien encumbers exempt property.

## III. STANDARD OF REVIEW

■ The bankruptcy court's conclusions on questions of statutory interpretation are reviewed *de novo*. *In re MacIntyre*, 74 F.3d 186, 187 (9th Cir.1996).

## IV. DISCUSSION

■ It is undisputed that no one objected to the debtor's claimed exemptions within the 30 day time period prescribed by Rule 4003(b).[4] As a result, the debtor obtained

---

2. The bankruptcy court concluded that based upon the California exemptions, the maximum allowable exemption the debtor was entitled to receive was $7,900.

3. In its Memorandum of Decision, the bankruptcy court dismissed the debtor's assertion that the time to object to exemptions under Rule 4003(b) recommenced when the case was converted to chapter 7. Neither party has discussed this issue on appeal, but assuming *arguendo* that the time to object did recommence upon conversion, it appears that the sale of assets occurred before the new 30–day period expired.

Assuming the time period had not expired, the trustee could argue that the debtor is equitably estopped from asserting an interest in the sale

proceeds because the debtor cooperated with the trustee in liquidating the assets and he has already received a distribution of assets from the trustee which apparently exceeds the value of his "wildcard" exemption. *See In re Canino*, 185 B.R. 584, 594–95 (9th Cir. BAP 1995). However, because we affirm the bankruptcy court under § 551, the Panel need not decide whether there was a new 30 day period under Rule 4003(b) or whether the doctrine of equitable estoppel applies in this case.

4. In relevant part, Rule 4003 provides as follows:
   **Rule 4003. Exemptions.**
   (a) **Claim of Exemptions.** A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to

what has been referred to as "exemption by default" or "exemption by declaration." *In re Canino*, 185 B.R. 584, 590 (9th Cir. BAP 1995). An exemption by default is valid whether the debtor claimed his exemptions under § 522(d) or, as in this case, under a state's "opt out" provisions. *In re Hyman*, 967 F.2d 1316, 1319 n. 6 (9th Cir.1992). Thus, all of the property listed as exempt on the debtor's schedules became exempt even though the debtor may have had no colorable basis for claiming the exemptions. *Taylor*, 503 U.S. at 643–44, 112 S.Ct. at 1648–49.

■ Although the debtor obtained a valid exemption pursuant to § 522(*l*) [5], his property remained subject to his brother's prepetition judicial lien. *In re Mohring*, 142 B.R. 389, 394 (Bankr.E.D.Cal.1992) (obtaining an exemption by default does not automatically avoid liens encumbering the exempt property), *aff'd mem.*, 153 B.R. 601 (9th Cir. BAP 1993), *aff'd mem.*, 24 F.3d 247 (9th Cir.1994). The disputed issue on appeal is whether the trustee both avoided the brother's lien *and* preserved it for the benefit of the estate.

1. *Whether an Avoided Lien is Preserved for the Estate When the Avoided Lien Encumbers Exempt Property*

The trustee became the plaintiff in the preference action against the debtor's brother, Charlie Heintz, when the case was converted to chapter 7. Although there was never a judicial determination that a § 547 preference had in fact occurred, Charlie Heintz conceded that his judicial lien was avoidable and conveyed his interest in the judgment lien to the trustee pursuant to a stipulated judgment. *In re First Capital Mortgage Loan Corp.*, 917 F.2d 424, 427 (10th Cir.1990) (en banc) (noting that a court approved settlement of a preference action is treated the same as property recovered after a judgment on the same action).

■ Once a trustee recovers an asset for the estate through one of the transfer or lien avoidance provisions, § 551 automatically preserves the asset for the estate. *In re Van De Kamps's Dutch Bakeries*, 908 F.2d 517, 520 (9th Cir.1990); *see also In re Woodson*, 839 F.2d 610, 616 n. 8 (9th Cir.1988); *Mohring*, 142 B.R. at 391, *aff'd mem.*, 153 B.R. 601 (9th Cir. BAP 1993), *aff'd mem.*, 24 F.3d 247 (9th Cir.1994). In this case, the stipulated judgment in the preference action expressly provided that the lien was preserved for the benefit of the estate pursuant to § 551.[6] Specifically, ¶ 5 of the order stated:

5. The recording of the abstract of judgment is an avoidable preference by the

---

be filed by Rule 1007. If the debtor fails to claim exemptions or file the exemptions within the time specified in Rule 1007, a dependent of the debtor may file the list within 30 days thereafter.

**(b) Objections to Claims of Exemptions.** The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.

. . . .

**(d) Avoidance by Debtor of Transfers of Exempt Property.** A proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014.

5. Section 522(*l*) provides the procedure for claiming exemptions and objecting to claimed exemptions as follows:

**§ 522. Exemptions.**

. . . .

(*l*) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

6. In its memorandum of decision, the bankruptcy court held that § 551 was not the trustee's exclusive method of preserving the lien for the benefit of the estate. According to the court, § 551 resulted in an automatic preservation of the lien, as distinguished from the order approving the stipulated judgment which explicitly provided for preservation of the lien. The bankruptcy court considered the stipulation to be an alternative ground on which it based its holding.

We note that the debtor was not a party to the stipulation and, therefore, it appears he is not bound by this language. We rely on the statute only in deciding whether the avoided lien is preserved for the estate.

trustee in bankruptcy. By this stipulation, the parties agree that said abstract is hereby avoided and shall be preserved for the benefit of the estate of the above-named debtor [George Henry Heintz] pursuant to Section 551 of the Bankruptcy Code.

### a. *Whether the exempt property is property of the estate*

■ The debtor contends that the trustee has not preserved the avoided lien for the estate because § 551's automatic lien preservation is limited to liens that encumber "property of the estate." He further contends that because exempt property is not property of the estate, the avoided lien encumbering the exempt property cannot be preserved by the trustee. Under the debtor's theory, the exempt property, now free and clear of his brother's judicial lien, is property of the debtor.

Property of the estate is a defined term in the Code. Under § 541(a), property of the estate includes, among other things, ... "all legal and equitable interests of the debtor in property *as of the commencement of the bankruptcy case.*" (Emphasis added). § 541(a)(1); *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 203–06, 103 S.Ct. 2309, 2312, 76 L.Ed.2d 515 (1983). In general, the commencement of the case is the benchmark for determining whether an interest is property of the estate.

■ After property enters the estate, one way it may exit the estate is through exemption. *In re Alsberg,* 161 B.R. 680, 683 (9th Cir. BAP 1993), *aff'd,* 68 F.3d 312 (9th Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1568, 134 L.Ed.2d 667 (1996). By claiming property as exempt, a debtor removes the property from the estate and places it beyond the reach of creditors. *In re Galvan,* 110 B.R. 446, 449 (9th Cir. BAP 1990). Once property is exempted, its status as property of the estate is terminated and the property is ultimately revested in the debtor. *In re Hyman,* 123 B.R. 342, 347 (9th Cir. BAP 1991), *aff'd,* 967 F.2d 1316 (9th Cir.1992); *see also In re Bronner,* 135 B.R. 645, 647 (9th Cir. BAP 1992); *Alsberg,* 161 B.R. at 683.

However, the fact that property is removed from the estate after a case is commenced, through exemption or some other means, does not change the fact that it was property of the estate as of the commencement of the case.

Section 551 is a mechanism for the trustee to increase the assets of the estate for distribution to creditors. The full text of § 551 provides:

**§ 551. Automatic preservation of avoided transfer.**

> Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate *but only with respect to property of the estate.* (Emphasis added).

The literal words of the statute mean that a trustee cannot preserve an avoided transfer for the benefit of the estate if the lien or other avoided transfer relates to property that is not property of the estate.

One bankruptcy court reluctantly applied a literal interpretation of § 551 to conclude that a trustee cannot preserve an avoided interest when the property subject to the avoided lien never entered the estate. In *In re Ostrom–Martin, Inc.,* 161 B.R. 800 (Bankr.C.D.Ill.1993), a bank set off the debtor's bank account prepetition. After the debtor filed bankruptcy, the trustee attempted to avoid a creditor's statutory lien on the same account and to preserve it for the estate. The bankruptcy court held that while the statutory lien was avoidable under § 545, the trustee could not recover the funds under § 551. The court concluded that because the bank's setoff occurred prepetition, the funds were not property of the estate as of the commencement of the case. 161 B.R. at 805–06; *see also In re Ward,* 42 B.R. 946 (Bankr. M.D.Tenn.1984) (holding that the trustee could not preserve an avoided lien against the debtor's real estate when the real estate was conveyed prepetition and never entered the estate).

The district court in *Matter of Weis,* 92 B.R. 816 (Bankr.W.D.Wis.1988), considered the interplay between § 551 and "exemptible" property. In *Weis,* the debtor filed for

chapter 11 relief and the case was later converted to chapter 7. The chapter 7 trustee brought an adversary proceeding against the debtor's former spouse to avoid the debtor's prepetition transfer of his homestead.

The defendant's former spouse moved for summary judgment on several grounds. In part, she claimed that because the transfer involved property that was, prior to the transfer, "exemptible under § 522(b)," the trustee lacked the power to avoid the transfer for the benefit of the estate. The trustee contended that while the property was exemptible, this fact did not impede the trustee from avoiding the transfer under §§ 547 or 548. The trustee further argued that the interest could be preserved for the estate under § 551 and that the debtor was unable to exempt the property under § 522(g)(1)(A) because he voluntarily transferred the interest to his former spouse.

The *Weis* court held that a transfer of otherwise exemptible property avoided under §§ 547 or 548 is brought into the estate by § 551. *See also In re Owen,* 104 B.R. 929, 932 (C.D.Ill.1989). In addition, the bankruptcy court agreed that if the trustee were successful in avoiding the transfer under §§ 547 or 548, the debtor was not entitled to exempt the value of the property under § 522(g) because the transfer to his spouse was voluntary.

■ Applying § 551 to the instant case, we emphasize the well settled rule that property cannot be exempted unless it is first property of the estate. *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991); *Bronner,* 135 B.R. at 647; *Galvan,* 110 B.R. at 449. Given that all exempt property is property of the estate as of the commencement of the case, we conclude that § 551 does not exclude exempt

property from preservation. An avoided interest or lien encumbering exempt property is automatically preserved for the benefit of the estate under § 551.

### b. *The debtor's avoiding powers*

In addition to the plain words of the statute, we are also persuaded that § 551 preserves avoided interests in exempt property for the estate because to conclude otherwise would produce an incongruous result. Below we compare the debtor's proposed outcome of this case based on his interpretation of § 551 with the outcome if the debtor had relied on his own avoiding powers to avoid the lien. From a practical standpoint, we cannot conceive of a situation where the debtor would be able to avoid the judicial lien and succeed to the avoided interest without first demonstrating that he is entitled to his claimed exemption. Yet, according to the debtor, under § 551 the avoided interest inures to his benefit free and clear of all liens and without regard to whether he is otherwise entitled to the exemption.

### 1. *Avoidance of a transfer under § 522(h)*

Under § 522(h) [7], if the trustee could have avoided the transfer but did not, the debtor may maintain the preference action himself. However, § 522(h) allows the debtor to avoid the transfer only "to the extent that the debtor could have exempted such property under subsection (g)(1)...." Subsection 522(g)(1) provides that the debtor may exempt such property, but only "to the extent that the debtor could have exempted such property under subsection (b)...."

■ In *In re Morgan,* 149 B.R. 147 (9th Cir. BAP 1993), we held that a creditor who had not timely objected to the debtor's claim of exemption could nevertheless challenge the validity of the exemption when defending

---

7. The text of § 522(h) is as follows:

§ 522. Exemptions.

....

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or

724(a) of this title or recoverable by the trustee under section 553 of this title; and
(2) the trustee does not attempt to avoid such transfer.

The relevant language in subsection (g)(1) is, "the debtor may exempt under subsection (b) of this section property that the trustee recovers.... to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred,...."

a lien avoidance motion under § 522(f). *Id.* at 152. The holding turned on the requirement that the exemption must be one the debtor "would have been entitled" to under subsection (b) of § 522. *Id.* at 151. Although *Morgan* was decided under § 522(f), the result is the same under § 522(h). Creditors who have not timely objected to the claimed exemptions are nevertheless able to challenge the validity of the debtor's exemption. *See Deel Rent–A–Car, Inc. v. Levine,* 721 F.2d 750, 752 n. 2 (11th Cir.1983).

Thus, assuming *arguendo* that the debtor in this case were to rely on § 522(h) to avoid the transfer, he would have to demonstrate that he was entitled to $100,000 worth of claimed exemptions. The bankruptcy court determined that under the relevant state exemptions, the debtor was entitled to a maximum exemption of only $7,900. Based upon the bankruptcy court's determination that the debtor was entitled to only a fraction of his claimed exemptions, the debtor would certainly not be entitled to receive the full $40,000 in sale proceeds if he had avoided the transfer under § 522(g).

Comparing the debtor's ability to avoid the transfer and recover the property himself pursuant to § 522(h) with the debtor's interpretation of the trustee's powers under §§ 547 and 551, the debtor is seeking to obtain rights through the trustee's avoidance of the lien that he would not otherwise receive.

### 2. *Lien avoidance under § 522(f)*

██ Assuming *arguendo* that the trustee did not pursue the preference action against the debtor's brother, the debtor could file a § 522(f) [8] motion to avoid the lien as impairing his exemption. Here again, however, the debtor would have the burden of demonstrating that he was entitled to the exemption under § 522(b) or, in this case, the applicable California exemption provisions, CAL.CIV.PRO. CODE § 703.140(b)(1) & (5) (West 1987) [9]. *Morgan,* 149 B.R. at 152. Based upon the record, it is undisputed that the debtor would not be able to prove he is entitled to the full amount of the proceeds under either the federal or applicable state exemption statute.

Thus, the debtor's interpretation of the trustee's powers under §§ 547 and 551 give him greater rights than if he had brought a § 522(f) motion to avoid the lien.

### 3. *Lien avoidance under the facts of this case*

In the case before us, the trustee preserved the avoided lien pursuant to § 551.

. . . .

---

**8.** The Bankruptcy Reform Act of 1994 amended § 522(f). However, the amendments do not apply in this case because the debtor's bankruptcy petition was filed before October 22, 1994, the effective date of the Reform Act. Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106, *reprinted in* 1994 U.S.C.C.A.N. 3340 *et seq.*

At the time of the debtor's bankruptcy filing, § 522(f) provided in relevant part:

§ 522. **Exemptions.**

. . . .

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

**9.** California has "opted out" of the federal exemptions scheme. At the time of the debtor's bankruptcy filing, the $7,900 "wildcard" exemption, which the bankruptcy court concluded the debtor would be entitled to claim, provided as follows:

**§ 703.140. Federal bankruptcy; applicable exemptions**

. . . .

(b) The following exemptions may be elected as provided in subdivision (a):

(1) The debtor's aggregate interest, not to exceed seven thousand five hundred dollars ($7,500) in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

. . . .

(5) The debtor's aggregate interest, not to exceed in value four hundred dollars ($400) plus any unused amount of the exemption provided under paragraph (1), in any property.

Thus, the debtor may still file a § 522(f) motion to avoid the lien as impairing his exemptions. However, under *Morgan,* the trustee, although he did not timely object to the exemptions listed on the debtor's schedules, may defend against the debtor's attempt to avoid a lien by challenging the validity of the debtor's exemptions.

In conclusion, the debtor's construction of the trustee's avoidance powers and § 551 as applied to exempt property produce incongruous results when compared with the debtor's own avoidance powers under § 522. As we discussed above, no other set of facts would allow the debtor to avoid the lien and recover the full value of his claimed exemption without requiring the debtor to defend the validity of his exemptions under § 522(b). Whether this peculiar set of facts has arisen through sheer strategy on the part of the debtor's counsel or fortuitous circumstances, we cannot presume Congress intended such an absurd result. *In re Pacific–Atl. Trading Co.,* 64 F.3d 1292, 1303 (9th Cir.1995).

2. *The Trustee's Arguments Regarding § 105(a) and Equitable Estoppel*

Two arguments raised by the trustee also need to be addressed. The trustee contends that the Panel should issue an order pursuant to § 105(a) determining that the debtor is not entitled to the exemptions because his exemptions are patently without merit, and that the debtor should be equitably estopped from claiming exemptions that exceed the statutory exemption limits.

■ In response to these arguments, we note that the bankruptcy court specifically declined to reach the § 105(a) issue. The record is, therefore, insufficient for the Panel to make a determination of whether the debtor claimed the exemptions in bad faith. *See Taylor,* 503 U.S. at 645, 112 S.Ct. at 1649 (declining to reach the § 105(a) argument when it had not been raised or decided below).

■ The trustee's equitable estoppel argument is based on facts that are not in the record submitted on appeal. Specifically, the trustee alleges without any citation to the record that, "the debtor retained cash proceeds in excess of $3,600 and a pick up truck, totaling in excess of the debtor's 'wildcard' exemption." On this basis, the trustee argues that the debtor should be equitably estopped from demanding further distributions from the trustee in addition to the one he has already received.

Absent a finding by the bankruptcy court, or evidence in the record that supports the trustee's assertion that the debtor retained assets in satisfaction of his claimed exemptions, the Panel cannot conclude that the debtor is equitably estopped from pursuing the full value of his claimed exemptions. However, even if the trustee's equitable estoppel argument could be reviewed in this appeal, we note that this argument and the § 105(a) argument are premature because they relate more to whether the debtor should be allowed the full amount of his exemptions, rather than whether the avoided lien was preserved for the estate under § 551. As such, these arguments are more appropriate for the trustee's reply should the debtor file a motion to avoid the estate's lien under § 522(f). They are not relevant to the merits of this appeal.

V. CONCLUSION

The trustee preserved the lienholder's interest in the debtor's exempt property for the benefit of the estate pursuant to § 551. Accordingly, the proceeds from the sale of the exempt property are subject to the estate's lien. Accordingly, we AFFIRM.