In re Timothy L. WILLIAMS, Debtor.

Eric R.T. Roost, Trustee, Plaintiff,

v.

Associates Home Equity Services, Inc., Defendant.

Bankruptcy No. 696–66577–AER7.
Adversary No. 98–6195–AER.

United States Bankruptcy Court,
D. Oregon.

June 4, 1999.

Eric R.T. Roost, Eugene, OR, for plaintiff.

Daniel Vidas, Dunn, Carney, Allen, Higgins & Tongue, Portland, OR, for defendant.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

### *BACKGROUND*

This matter comes before the court upon the defendant's Motion for Judgment on the Pleadings. Plaintiff (the trustee) brought this adversary proceeding to avoid, as a preferential transfer, the security interest of the defendant in the debtor's interest in a mobile home. The trustee's case is based upon the fact that the perfection of the defendant's security interest in the mobile home occurred more than 90 days, but within one year from the Chapter 7 bankruptcy filing by the debtor, herein. The trustee contends that the transfer was for the benefit of the debtor's wife, an insider, therefore, the trustee may avoid the perfection of the security interest under the *Deprizio* rationale.

The defendant contends that the 1994 Amendments to 11 U.S.C. § 550(c) deprive the trustee of any recovery, hence, this adversary proceeding may be disposed of upon the defendant's Motion for Judgment on the Pleadings.

Defendant's motion is based on FRCP 12(c) made applicable by FRBP 7012(b). Under FRCP 12(c), a motion for judgment on the pleadings will be granted when no material issue of fact remains to be resolved and the moving party is entitled to judgment as a matter of law. *Yanez v. U.S.,* 63 F.3d 870 (9th Cir.1995). For purposes of the motion, all of the well pled factual allegations of the complaint are assumed to be true and all of the contravening factual allegations are deemed to be false. *In Re Reynolds,* 189 B.R. 199 (Bankr.D.Or.1995) (internal citations omitted). In considering the motion, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Id.* However, the court is not required to accept, as true, conclusions of law couched as factual allegations. *Naehu v. Provost,* 80 A.F.T.R.2d 97–6211, 1997 WL 1037947 (D.Hawai'i 1997); *Jackson v. East Bay Hospital,* 980 F.Supp. 1341 (N.D.Cal.1997).

Here, there does not appear to be any dispute as to the material facts. On June 7, 1996 the debtor and Tonja Williams, the debtor's wife, incurred a debt to the defendant in the amount of $59,671 for the purchase of a 1994 Liberty Manufactured Home and real property located at 675 Fourth Street, Riddle, Oregon.[1] On the same date, the debtor and Tonja Williams entered into a security agreement, pledging both the real property and the mobile home as security for the payment of the debt. The security interest in the mobile home was not perfected until July 29, 1996. The debtor filed his Chapter 7 bankruptcy petition, herein, on December 12, 1996. Thus, the perfection of the defendant's security interest in the mobile home occurred more than 90 days, but less than one year prior to the bankruptcy filing.

### *ISSUE*

The sole issue raised by defendant's Motion for Judgment on the pleadings is

---

1. The trustee-plaintiff makes no claim to the real property.

whether or not the trustee's claim is barred by the 1994 Amendments to 11 U.S.C. § 550.

## DISCUSSION

██ This court had originally concluded that the perfection of defendant's security interest was not for the benefit of Tonja Williams in a letter opinion entered, herein, on February 17, 1999. Since the entry of the letter opinion, however, the parties have agreed that the perfection of defendant's security interest was at least of some potential benefit to Tonja Williams, the insider, hence, the issue described above requires a resolution. This appears to be a matter of first impression in this District.

The trustee relies upon *Deprizio* and the line of cases decided thereunder in order to prevail. *Levit v. Ingersoll Rand Financial Corp. (In re Deprizio Construction Co.)*, 874 F.2d 1186 (7th Cir.1989). Indeed, *Deprizio* has been followed by the Ninth Circuit, *See In re Sufolla, Inc.*, 2 F.3d 977 (9th Cir.1993).

In the *Deprizio* case, Deprizio Construction Company made payments to its lenders on debts that had been guaranteed by Richard Deprizio and his brothers, controlling shareholders. After the corporation filed bankruptcy, the trustee sued the lenders to recover the payments as preferences pursuant to §§ 547 and 550.[2] The Seventh Circuit agreed with the trustee, reasoning that even though the payments were not made to the insiders, they were for the benefit of insider creditors, by reducing their liability to the lenders upon their guarantees.

**2.** Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

**3.** Section 547(b) provides:
Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;

In response to concerns raised by the lending community, Congress, in 1994, amended § 550 of the Bankruptcy Code. Prior to its amendment, § 550 provided in pertinent part:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section ... 547 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
(2) any immediate or mediate transferee of such initial transferee.

The 1994 Amendment added subsection (c) which provides:

If a transfer made between 90 days and one year before the filing of the petition—
(1) is avoided under section 547(b) of this title; and
(2) was made for the benefit of a creditor that at the time of such transfer was an insider;
the trustee may not recover under subsection (a) from a transferee that is not an insider.

Since the defendant is a non-insider creditor, defendant maintains that the 1994 Amendment to § 550 bars any recovery by the trustee, hence, this adversary proceeding must fail.

The trustee concedes that the amendment to § 550 bars any "recovery" by the trustee. He maintains, however, that no "recovery" is necessary in this case. Rather, the security interest of the defendant is avoided pursuant to § 547(b),[3] after

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition,

which the lien of the defendant is preserved for the benefit of the estate pursuant to § 551 which provides in pertinent part as follows:

> Any transfer avoided under section ... 547, ... of this title ... is preserved for the benefit of the estate but only with respect to property of the estate.

The trustee points out that the debtor's interest in the mobile home became property of the bankruptcy estate upon the filing of the petition, herein, pursuant to § 541(a).[4] The debtor and his wife were in possession of the mobile home at that time and have remained continuously in possession. Thus, the trustee maintains that he need not "recover" anything pursuant to § 550.

The defendant argues that "recovery" under § 550 is necessary to give the trustee an effective remedy, since the lien and its value is the property that the trustee seeks to "recover". Since recovery is barred, the trustee's claim must fail.

In his article, "The Deprizio Override", Richard C. Josephson concludes that the position taken by the trustee is correct. He notes: "If the Trustee prevails and avoids the security interest, there is no need for the trustee to resort to Code § 550 for recovery: The collateral is still in the possession of the estate and the ... secured creditor has no enforceable claim for turnover." Richard C. Josephson, *The Deprizio Override*, 4–JUN Bus. L. Today 40, _____ (1995).[5]

■ There appears to be a split of authority as to whether § 547 may afford a remedy separate and distinct from the ability to "recover" pursuant to § 550. *Compare In re McLaughlin*, 183 B.R. 171 (Bankr.W.D.Wis.1995) where the court indicated that where a security interest is avoided pursuant to § 547 the appropriate remedy is provided by § 550(a), *with In re Congress Credit Corporation v. AJC International*, 186 B.R. 555 (D.Puerto Rico 1995) where the court held:

> When the property is subject to a creditor's lien or other interest and has not yet been transferred to a third party, an action for recovery is unnecessary. Through avoidance alone, the trustee holds the property free of the lien or other interest. In contrast, if the trustee does not have control over the property, the trustee must seek its recovery under section 550 of the Code.

*Id.* at 558 (internal citations omitted).[6]

The defendant contends that any such split should be resolved by an examination of the legislative history to § 550. Indeed, the Congressional record contains a statement by Senator Grassley as follows:

> Our legislation overrules the Deprizio line of decisions and clarifies congressional intent that non-insider transferees should not be subject to the preference provisions of the Bankruptcy Code be-

---

if such creditor at the time of such transfer was an insider; and
  (5) that enables such creditor to receive more than such creditor would receive if—
  (A) the case were a case under chapter 7 of this title;
  (B) the transfer had not been made; and
  (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

4. Section 541(a) provides in pertinent part:

The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

  (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

5. For a contrary viewpoint see, Adam A. Lewis, *Did it or Didn't it? The Deprizio Dilemma*, 14–OCT Am.Bankr.Inst.J. 20 (1995).

6. It is clear, however, that once a security interest is avoided, it is preserved automatically for the benefit of the estate pursuant to § 551. *See In re Heintz*, 198 B.R. 581 (9th Cir. BAP 1996) where the Ninth Circuit Bankruptcy Appellate Panel held that the preserved lien was valid as against the debtor's claim to exemptions.

yond the 90–day statutory period. Our aim is to encourage commercial lenders and landlords to extend credit to smaller business entities. (140 Cong.Rec. S14461 (Oct. 6, 1994) (statement of Sen. Grassley)).

Thus, the defendant maintains that it was clearly the Congressional intent to overrule the *Deprizio* line of cases. Mr. Josephson notes, however, that: "It may well be that Congress intended merely to fix the narrow problem of insider creditors having to repay Deprizio-like preferences." Richard C. Josephson, *The Deprizio Override*, 4–JUN Bus.L. Today 40, ____ (1995).

The Supreme Court has made it clear that, in questions of statutory interpretation, the plain meaning of the statute is to be given effect. When a statute is clear (i.e., non-ambiguous) recourse to the legislative history is not appropriate. *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *United States v. Alvarez–Sanchez*, 511 U.S. 350, 114 S.Ct. 1599, 128 L.Ed.2d 319 (1994); *Hughes Aircraft Company v. Jacobson*, —— U.S. ——, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999); *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992).

Here, it is noteworthy that Congress chose to amend § 550 of the Code, the "recovery" statute. Had Congress intended to completely overrule the *Deprizio* line of cases and to prevent any adversary proceeding, such as the case at bar, the most effective method would have been to add another defense or exception to avoidance in § 547(c).[7] It is also noteworthy that there is no mention of § 550 in § 551.

This court is persuaded that the position taken by the court in *In re Congress Credit Corporation, supra,* as more fully explained in the article by Richard C. Josephson, has merit. The trustee brings an

avoidance action pursuant to § 547(b). If the trustee succeeds in avoidance, § 550(a) allows "recovery" of the property transferred if such recovery is necessary. In that event, the 1994 Amendment to § 550 protects a non-insider creditor, such as the defendant in this case. Where, however, the property is already property of the estate pursuant to § 541 and the property has not been transferred to the creditor or some other third party prior to the filing of the bankruptcy, the trustee has no need for "recovery". In such a case, where the trustee seeks merely to avoid a security interest, the security interest is avoided and automatically preserved for the benefit of the estate pursuant to § 551.

## CONCLUSION

Based upon the foregoing, this court concludes that the defendant's Motion for Judgment on the Pleadings should be denied as the defendant is not entitled to judgment as a matter of law on the issues raised in defendant's motion; an appropriate order shall be entered.

---

**7.** Section 547(c) already contains a number of defenses or exceptions to a trustee's avoid-

ance action.