**Jacqueline D. WITT, Debtor.**

No. 99–35821–7.

United States Bankruptcy Court,
W.D. Wisconsin.

Oct. 13, 2000.

Reno J. Simonini, Loniello, Johnson, Simonini & Chavez, Madison, WI, for debtor.

Michael E. Kepler, Kepler & Peyton, Madison, WI, trustee.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

Michael Kepler, the trustee in this Chapter 7 case, filed a motion to recover the value of an avoided lien on the debtor's car. The debtor's last amended schedules showed the car's value to be $6,137.50, subject to a lien of $6,500.00 and her claimed exemption in the car to be $4,025.00. No objections to any of the claimed exemptions were filed.

The trustee won an adversary proceeding to avoid the lien on the car, because it had not been properly perfected. The trustee then filed this motion, requesting that the debtor surrender the vehicle so that he can realize the value of the avoided lien for the benefit of the estate. The debtor objected, asserting that the trustee's failure to timely contest the exemption insulated the car from any interest of the estate.

May the trustee preserve the value of the avoided lien for the benefit of the estate under Section 551, despite having failed to timely object to the claimed exemption? Does a yes answer to that question defeat the debtor's exemption in the car, unless the car sells for more than the lien? The answer to both of these questions is "yes."

The debtor's entire argument is based on *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In *Taylor,* the debtor listed as exempt all proceeds from a pending dis-

crimination suit, admittedly in excess of the exemptible amount under either state law or the federal exemptions specified in Section 522(d). After the suit was settled for a considerable sum and the deadline for filing objections to exemptions under Rule 4003(b) had expired, the trustee filed an objection, claiming that the debtor had no statutory basis for exempting the entire sum of the settlement proceeds. The Supreme Court held that the trustee could not object to the validity of the debtor's claimed exemptions; that, in effect, the debtor was entitled to the exemptions by default because of the operation of Section 522(*l*) and Rule 4003(b). Nor was the trustee relieved of filing a timely objection under Rule 4003(b) on the basis that the claimed exemptions were "meritless":

> [Trustee's] failure to promptly object precludes him from challenging the validity of the exemption at this time, regardless of whether or not [Debtor] had a colorable statutory basis for claiming it. By negative implication, Rule 4003(b) indicates that a trustee may not object after 30 days unless further extension of time is granted. Because no such extension was allowed by the Bankruptcy Court in this case, 522(*l*) has made the settlement proceeds exempt.

*Taylor v. Freeland & Kronz,* 503 U.S. at 643, 112 S.Ct. at 1645.

The debtor argues that *Taylor* is on all fours with her case, and that the trustee, having failed to timely object under Rule 4003(b), may not now limit her exemption to the value in excess of the avoided lien.

The trustee does not question the validity of the debtor's claimed exemption. His objection seeks to limit her exemption to the value of the car which exceeds the avoided lien. According to the amended schedules there is no equity beyond the lien. Thus, if the scheduled values are accurate the claimed exemption was of no value.

Section 522(*l*) provides that "the debtor shall file a list of property that the debtor claims as exempt under [Section 522(b)].... [u]nless a party in interest objects, the property claimed as exempt on such list is exempt." Section 522(g) provides that:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted under subsection (b) of this section if such property had not been transferred, if—(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property; or (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

11 U.S.C. § 522(g). Section 522(g) is an exception to the general rule of Section 551, which provides:

> Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

11 U.S.C. § 551.

Apart from the wrinkle created by Section 522(*l*), the debtor would be unable, under Section 522(g), to exempt the equity created by the trustee's avoidance of the lien. The lien appears to have been created by a voluntary transfer and cannot be avoided under Section 522(f), which provides:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to

the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(A) a judicial lien... (B) a nonpossessory, nonpurchase-money security interest in any—(i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

11 U.S.C. 522(f). The lien here is not a judicial lien. Moreover, it encumbers a car, which is not a household good, tool of trade or health aid. Because the debtor cannot meet the criteria of Section 522(g), the avoided transfer would ordinarily be preserved for the benefit of the estate, as provided by Section 551. Only the added fact that her exemption is allowed by default under Section 522(l) complicates the analysis in this case.

No courts in the Seventh Circuit have addressed the interplay between Section 522(g) and exemption by default under Section 522(l). However, several cases in this circuit have addressed the related issue of whether a creditor who fails to timely object to debtor's exemptions may later challenge the validity of the claimed exemptions in defending a lien avoidance motion under Section 522(f).

A majority of those cases hold that an exemption obtained by default cannot be attacked in defending a lien avoidance motion under Section 522(f). For example in *In re Youngblood*, 212 B.R. 593 (Bankr. N.D.Ill.1997), the debtor claimed as exempt withheld wages, which were subject to a creditor's judicial lien. The creditor failed to timely object, even though the exemption had no colorable basis under Illinois exemption law. The court allowed the lien avoidance over the lienholder's proffered attack on the validity of the exemptions, stating:

[T]o hold [otherwise] in this case would be to fly in the face of the Supreme Court and the Seventh Circuit rulings in *Taylor* and *[In Matter of] Kazi*[, 985 F.2d 318 (7th Cir.1993)]. The debtor in the Supreme Court's Taylor opinion did not have a right to exempt more than a small portion of proceeds from a discrimination suit, yet he claimed the full amount as exempt .... The trustee there had an opportunity to object to the claimed exemption but failed to do so .... The opinion held that the trustee's failure to object forever barred him from doing so.

. . .

As stated, § 522(l) expressly provides that the debtor 'shall file a list of property that the debtor claims as exempt under subsection (B) of this section,' and if there are no timely objections, the property is exempt. To hold that this incontestably exempt property remains subject to a lien which impairs the exemption and gobbles up the withheld money would contradict that which the Seventh Circuit and the Supreme Court have clearly mandated. As noted in *Kazi*, it would be inconsistent with *Taylor's* emphasis on finality to allow an exemption under § 522(l), but then moot that exemption.

*In re Youngblood*, 212 B.R. at 598. *See also In re Mukhi*, 246 B.R. 859 (Bankr. N.D.Ill.2000), in which the homestead exemption claimed exceeded the statutory limits under Illinois law, but the creditor failed to timely object. The court stated that "once the objection deadline has past,

the claimed exemption is incontestable on any grounds." *Mukhi,* 246 B.R. at 865. These "majority" cases are satisfactory under § 522(f) where the sole issue is whether an exemption is impaired, but less so for deciding the more complex issues of § 522(g), which hinge on whether a transfer avoided under the trustee's avoiding powers is preserved for the estate or turned over to the debtor.

In *In re Chinosorn,* 243 B.R. 688 (Bankr.N.D.Ill.2000), a case subsequently reversed by the District Court, Judge Wedoff stated:

> There is no question that [debtor] is entitled to the exemption he listed in his schedules. Section 522(*l*) requires that '[u]nless a party in interest objects, the property claimed as exempt on such list is exempt,' and the Supreme Court has held that, in order to be effective for purposes of § 522(*l*), an objection must be made within the time limit established by Fed. R. Bankr.P. 4003.... [Debtor's] scheduled exemption of his interest in the home, not having been subject to timely objection, would therefore be valid, regardless of its substantive merit.

> However, in order to serve as a basis for an avoidance of lien under § 522(f)(1)(A), a claimed exemption must not only be valid, it must be one to which the debtor would have been entitled 'under subsection (b).' Subsection 522(b) ... sets forth the substantive grounds under which an exemption may be claimed. The mere fact that a debtor has obtained an exemption by default under § 522(*l*) does not establish the debtor's substantive entitlement to an exemption under § 522(b). Thus, a creditor's failure to object to a claimed exemption, allowing the exemption to go into effect by default, does not prevent the creditor from arguing—in the con-text of a motion to avoid a lien under § 522(f)(1)(A)—that the debtor lacks substantive entitlement to the exemption under § 522(b).

*In re Chinosorn,* 243 B.R. at 697.

The bankruptcy court's reasoning in *Chinosorn* was applied in a § 522(g) context in *In re Heintz,* 198 B.R. 581 (9th Cir. BAP 1996). In *Heintz,* the debtor claimed exemptions in personal property encumbered by a judicial lien. The trustee failed to timely object. Thereafter, the trustee moved to avoid the judicial lien as a preferential transfer (not because it impaired an exemption) and, pursuant to a stipulated judgment with the lienholder, the lien was avoided. When the trustee sought to preserve the benefit of the avoided lien for the estate under Section 551, the debtor objected, claiming the entire value of the property exempt by default. The debtor also argued that Section 551 was inapplicable because it preserved for the estate's benefit liens that encumbered property of the estate and, because the property had been exempted by default, it was no longer property of the estate.

Rejecting the debtor's contention that exempt property was not property of the estate for purposes of lien preservation under Section 551, the Ninth Circuit BAP stated:

> Property of the estate is a defined term in the Code. Under § 541(a), property of the estate includes, among other things, ... "all legal and equitable interests of the debtor in property as of the commencement of the bankruptcy case...." In general, the commencement of the case is the benchmark for determining whether an interest is property of the estate. After property enters the estate, one way it may exit the estate is through exemption.... By claiming property as exempt, a debtor removes the property from the estate and places

it beyond the reach of creditors.... Once property is exempted, its status as property of the estate is terminated and the property is ultimately revested in the debtor.... However, the fact that property is removed from the estate after a case is commenced, through exemption or some other means, does not change the fact that it was property of the estate as of the commencement of the case. Section 551 is a mechanism for the trustee to increase the assets of the estate for distribution to creditors.

. . .

Given that all exempt property is property of the estate as of the commencement of the case, we conclude that § 551 does not exclude exempt property from preservation. An avoided interest or lien encumbering exempt property is automatically preserved for the benefit of the estate under § 551.

*In re Heintz*, 198 B.R. at 585–586.

*See also Kepler v. Weis (In re Weis)*, 92 B.R. 816, 820–821 (Bankr.W.D.Wis.1988) ("It is well-settled that exempt property is property of the estate until the debtor asserts his rights to the exemption. Therefore, a transfer of otherwise exempt property, which has been avoided ..., is brought back into the bankruptcy estate by Section 551").

The debtor's contention, that gaining exemption by default avoided the judicial lien on the exempt property, was also summarily dismissed in *Heintz:* "[a]lthough the debtor obtained a valid exemption pursuant to § 522(*l*) his property remained subject to his brother's prepetition judicial lien." *Id.* at 584. In so finding, the court reasoned that the debtor could not show entitlement to avoid the judicial lien under Section 522(g):

[W]e are ... persuaded that § 551 preserves avoided interests in exempt property for the estate because to conclude otherwise would produce an incongruous result.... [W]e compare the debtor's proposed outcome of this case based on his interpretation of § 551 with the outcome if the debtor had relied on his own avoiding powers to avoid the lien. From a practical standpoint, we cannot conceive of a situation where the debtor would be able to avoid the judicial lien and succeed to the avoided interest without first demonstrating that he is entitled to his claimed exemption. Yet, according to the debtor, under § 551 the avoided interest inures to his benefit free and clear of all liens and without regard to whether he is otherwise entitled to the exemption.

. . .

[T]he debtor's construction of the trustee's avoidance powers and § 551 as applied to exempt property produce incongruous results when compared with the debtor's own avoidance powers under § 522.... [N]o other set of facts would allow the debtor to avoid the lien and recover the full value of his claimed exemption without requiring the debtor to defend the validity of his exemptions under § 522(b). Whether this peculiar set of facts has arisen through sheer strategy on the part of the debtor's counsel or fortuitous circumstances, we cannot presume Congress intended such an absurd result.

*In re Heintz*, 198 B.R. at 586–588.

■ The Ninth Circuit BAP's reasoning in *Heintz* applies to our case. Here, except for the debtor's exemption of a specified value in the car, the trustee's right to preserve the avoided lien for the benefit of the estate could not be defeated. The debtor does not qualify under Section 522(g) to gain the benefit of the trustee's avoidance. As in *Heintz*, our debtor is attempting to do indirectly through Sec-

tion 522(*l*) what she is unable to do directly through Section 522(g).

■ The debtor would ordinarily be entitled to exempt only the equity in the car that exceeds the consensual lien. Consensual liens are not defeated by a debtor's exemptions unless they can be avoided under Section 522(f)(1)(B). Section 522(g) acknowledges this rule by prohibiting a debtor from exempting equity created by avoiding a voluntary lien. The debtor apparently concedes that no equity exists in excess of the lien, but argues that she is entitled to exempt the equity created by the avoided lien because her exemptions in the vehicle, valid by default, are impaired by the avoided lien. The debtor's argument presupposes that, by claiming an exemption by default, she exempted the car itself, rather than her interest in the car. In fact, the case law suggests otherwise. For example, in *In re Hyman*, 123 B.R. 342 (9th Cir. BAP 1991), the debtors claimed a $45,000.00 homestead exemption under California law. At the time, there existed equity in the residence beyond the claim of exemption. The trustee did not object to the claimed exemption. When the trustee sought to realize that equity for creditors, the debtors objected, claiming that the residence itself was exempt and could not be sold. The Ninth Circuit BAP rejected this contention, noting that "[i]t is not logically possible to reconcile the explicit express limitation on exemption value with a notion that the property itself is exempt...." *Id.* at 346. Rather, "[t]he 'excess value' in a California homestead, the value above the encumbrances and the exemption amount, has always been available to creditors." *Id.* The court also rejected the debtors' estoppel argument, based on the trustee's failure to object to the exemption:

> [There] is a distinction between an objection to the existence of an exemption and an objection to the valuation of the property in which debtors claim an exemption. Only the former objection must be made within the Bankruptcy Rule 4003(b) 30 day period following the meeting of creditors.... The two types serve competing interests: one gives a debtor a prompt determination of his right to exemptions and the other allows creditors to obtain a fair valuation of the property....Although objections to the exemptions themselves should be made as quickly as possible, the "[o]bjections to valuation, on the other hand, need not be completed with such expediency, nor should the creditor be required to rush out and value the debtor's property in order to protect his interests in that property...." Logic also defeats any argument founded on a claim of estoppel or equitable considerations. There was no reason for the Trustee to object to the valid claim of a homestead exemption by the Appellants. Hence the Trustee's failure to speak was not a misleading communication on which the Hymans were entitled to rely and therefore the Trustee is not estopped.

*Id.* at 348.

*See also In re Page*, 171 B.R. 349 (Bankr. W.D.Wis.1994) (exemption by default attaches to the debtor's interest in the property, rather than to the property itself; therefore a judicial lien is avoidable to the extent it impairs that interest); *In re Salzer*, 52 F.3d 708, 712 (7th Cir.1995) ("while the failure to object to an exemption does waive any right to contest the validity of the exemption, such a failure does not waive the estate's right to any excess value over the allowed exemption limit").

In the instant case, the debtor's amended exemption claim of $4,025.00 exceeded by $4,025.00 the scheduled value of the debtor's interest in the car as of the date of the petition. The exemption, though

valid by default, attached only to the debtor's interest in the car on the petition date. The equity later created by the trustee's lien avoidance did not exist on the effective date of the exemption. It could be claimed only under § 522(g) which is unavailing to the debtor.

The debtor must surrender the vehicle to the trustee. In the event that the sale of the car yields value in excess of the avoided lien, the claimed exemption will attach to that value.