### WELSCH et al. v. LEE et al.

#### No. 152.

District Court, D. North Dakota, Southeastern Division.

Feb. 21, 1941.

James W. Pollock and Howard G. Fuller, both of Fargo, N. D., for plaintiffs.

Charles H. Schafer, of Hillsboro, N. D., for defendants.

VOGEL, District Judge.

This is an action to foreclose a real estate mortgage. The facts pertinent to a decision of the legal questions involved are as follows:

In 1923 the original mortgagors executed promissory notes and a mortgage on the land involved. The mortgage and notes were purchased by the present holders, represented by the plaintiffs in this action. Shortly after the execution of the notes and mortgage the land covered by the mortgage was conveyed to the Farmers State Bank of Christine subject to the mortgage referred to, which the Bank assumed and agreed to pay. In 1925 the Farmers State Bank of Christine was closed and passed into the hands of L. R. Baird as General Receiver of all closed state banks in North Dakota. One O. L. Engen became District Manager of the Christine Bank, and one Overby became field man for such receivership. The receivership was continued from 1925 until January 1, 1940, when it was closed. During such period Engen as District Manager in charge of the liquidation of the Christine Bank, record owner of the land covered by the mortgage herein involved, made numerous payments to the holders and owners of the said notes and mortgage on account thereof, the first of such payments being November 27, 1925, in the amount of $757.80, and the last of such payments being March 30, 1935, in the amount of $738.47.

In 1939 the defendant M. J. Lee, who was also a field man employed by L. R.

Baird, Receiver of all closed state banks in North Dakota, made a written offer to purchase the mortgaged land for the sum of $400.00. Before such bid could be accepted and the sale approved it was necessary for the Receiver of closed banks to go through a regular proceeding in the District Court of Burleigh County, North Dakota, and obtain from the District Court an order authorizing the Receiver of said Bank to deliver a deed of conveyance to said real estate to such party entitled thereto. As a part of such proceeding the land involved was appraised by Overby, field man for the District Manager, Engen. Overby appraised the land as being worth $8000.00, and in his report of appraisal, which is a part of the official records of the District Court of Burleigh County, he stated in his affidavit that the land was subject to a first mortgage in the amount of $12,000.00, with delinquent interest and taxes, and gave it as his opinion that the Receiver should accept "an offer of $400.00 and assuming of first mortgage of $12,000.00, delinquent interest and taxes, for the purchase of said property". Receiver Baird's report and petition to the District Court sets out the fact that the land is subject to a first mortgage in the amount of $12,000.00, that it was appraised by a competent appraiser at $8,000.00, and that the Receiver has received a bid from the defendant Lee in the amount of $400.00 "and an agreement to assume and pay all encumbrances." Thereafter on February 28, 1939, the District Court entered its order authorizing and empowering the Receiver to execute the necessary deed and conveyance to the premises, said deed to be executed in favor of M. J. Lee, one of the defendants in this action.

Some months thereafter the defendant Lee mortgaged the property involved to his sister, the defendant Larson, for the sum of $3000.00.

The plaintiffs now seek to foreclose the mortgage and name as defendants M. J. Lee and Julia Larson as subsequent purchaser and mortgagee.

Payments on interest made by Engen in behalf of the Christine Bank between 1925 and 1935 do not appear on the records of the Register of Deeds' office in Traill County, wherein the land is situated, and no lis pendens was filed in the District Court of Traill County or in this Court prior to the purchase of the land by Lee and its subsequent mortgage to the defendant Larson.

The defendants contend that as to them the mortgage was "outlawed" in that more than ten years had elapsed between the due date of the mortgage and the purchase of the land by Lee without some indication of a renewal of the mortgage or debt having been placed of record.

I feel that there is no serious question to the principle that payment on a note secured by a mortgage by the owner of an equity of redemption keeps the mortgage lien alive as against the statute of limitations, although a right of action on the debt against the original debtor was barred. Roberts v. Roberts, 10 N.D. 531, 88 N.W. 289; Baird v. Chamberlain, 60 N.D. 784, 236 N.W. 724.

No case has been cited to the Court dealing with facts similar to those herein involved determining the right of the purchaser of land to rely solely upon the record and thus claim that the statute of limitations had outlawed a recorded mortgage where payments had been made keeping the mortgage alive, but such payments not being indicated by the record. It is clear that as between the plaintiffs and the Christine Bank the statute of limitations had expired as to the indebtedness (such period of limitation being six years), but not as to the mortgage, the payments thereon having tolled the running of the statute (such period of limitation being ten years).

The defendants in their testimony admit knowledge of the existence of the mortgage, having taken pains to examine the records thereon. To say that the defendant Lee was an innocent purchaser in good faith, he having had knowledge of the mortgage, and he having purchased the land from the Receiver for the sum of $400.00, and having admitted in his testimony before this Court that the land was probably worth $2,000.00, would be stretching the imagination beyond belief.

Section 7290 of the Compiled Laws of North Dakota for 1913 provides as follows:

"What deemed constructive notice. Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact and who omits to make such inquiry with reasonable diligence is deemed to have constructive notice of the fact itself."

The defendant Lee was a field man for Receiver Baird. His attention was called

to this particular land by Overby, also a field man for Baird. Bare inquiry from the Receiver or from the District Manager or from field man Overby, or an inquiry to the record owners of the mortgage involved would have apprised Lee of the fact that the statute of limitations as to the mortgage had been tolled by periodic payments of interest and that, accordingly, the mortgage was alive. The same reasoning applies to the defendant Larson, whose husband, an attorney practicing and residing at Valley City, testified that at the request of his wife he examined the records in the Register of Deeds' office in Traill County, and also inquired as to the filing of lis pendens with the District Court. It is obvious to me that Lee was not an innocent purchaser. The small amount he offered and paid for the land indicates to the Court that he knew the property was subject to a large mortgage and that he was gambling a small amount in the hopes that he could get that and more out of the land before foreclosure and loss of possession became a fact.

■ Chapter 153 of the North Dakota Session Laws, 1933, provides as follows:

"Discharge of Real Estate Mortgage Not Renewed or Extended of Record.] Three months from and after the taking effect of this Act, every mortgage of real estate which has not been renewed or extended of record within fifteen years after its due date or when no due date is shown in the mortgage, then within twenty years after the recording of such mortgage, shall be discharged of record by order of a Judge of the District Court within the district in which the mortgaged real estate is situated upon application of any party interested and without notice."

It will be noted particularly that the North Dakota Legislature in passing the above statute specifically provided that such mortgages as referred to therein could not be discharged as provided until at least fifteen years had expired subsequent to the due date of the mortgage. In other words, the Legislature must have had in mind the possibilities of equities or interests continuing beyond the statutory period of ten years even where there had been no renewal or extension of record.

In this particular case the defendants could not have invoked the operation of Chapter 153, Laws of 1933, because the stated period of fifteen years subsequent to the due date of the mortgage had not ex-

pired. In construing the quoted statute the North Dakota Supreme Court stated:

"At the common law there was no requirement that instruments affecting real estate should be recorded. Epps v. McCallum Realty Co., 139 S.C. 481, 138 S.E. 297; 53 C.J. 609. The recording statutes are creatures of the legislature and the effects of recordation and of failure to record are prescribed by the legislature. See sections 5546 et seq., 5594 et seq., and 6753, Comp. Laws 1913. As between the parties to it and those who have notice thereof, a mortgage is not at all affected by recordation. Section 5598, Comp.Laws 1913. The purpose of the recording statutes is to give notice of and to protect rights, as against subsequent purchasers or encumbrancers, not to create rights not possessed, either of record or in fact. Eynon v. Thompson, 48 N.D. 390, 184 N.W. 878." Magnuson v. Breher, 69 N.D. 197, 284 N.W. 853, 855.

In the instant case the defendants had actual knowledge of the existence of the mortgage at the time of the purchase of the land by the defendant Lee and at the time it was mortgaged to the defendant Larson. It is, accordingly, held that the statute of limitations had not run so as to prevent a foreclosure of the original mortgage, and that the plaintiffs have not been guilty of such laches as to be estopped to enforce their mortgage lien.