In re Doran Scott WEGNER, aka Doran Wegner and Denise Wegner, Debtors.

Kip M. KALER, as Bankruptcy Trustee for Doran S. Wegner and Denise Wegner, Plaintiff,

v.

Elroy LETCHER, Defendant.

Bankruptcy No. 96–31261.
Adversary No. 97–7012.

United States Bankruptcy Court,
D. North Dakota.

July 10, 1997.

Roger J. Minch, Fargo, ND, for Elroy Letcher.

Kip M. Kaler, Fargo, ND, for Trustee.

### MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Chapter 7 trustee, Kip M. Kaler (Trustee), commenced the above-entitled action by Complaint filed February 19, 1997, seeking avoidance of the Defendant Elroy Letcher's (Letcher) unrecorded mortgage pursuant to section 544(a)(3) and preservation of the mortgage lien for the benefit of the estate as provided by section 551 of the United States Bankruptcy Code. Letcher concedes his mortgage was unrecorded but asserts that because it is against real property exempted as homestead by the Debtor section 551 is ineffective to vest the estate with anything of value.

The parties waived trial and have stipulated to the facts upon which the issue may be decided. From the stipulated facts and the ·exhibits attached thereto, the court makes the following findings of fact:

## Findings of Fact

The Debtors, Doran S. Wegner and Denise Wegner, filed for relief under Chapter 7 on October 1, 1996. Listed in their schedules was the following described real property:

> Part of the South Half (S1/2) of Section One (1), Township One Hundred Thirty-seven (137), Range Sixty-five (65), more particularly described as follows: Beginning at the SE corner of the Southwest Quarter (SW1/4) of Section 1, hence due west along the south line of said Southwest Quarter 100 feet, hence N. 5°00'W 1144 feet, hence S. 89°00'E 1108.6 feet, hence S. 3°00'W 1121.8 feet to the south line of said Section 1, hence due west along said south line 850 feet to the point of beginning; in Stutsman County, North Dakota.

The foregoing real property constituted their homestead and was claimed as exempt on their schedules. The property became subject to two mortgages held by Letcher who is the uncle of Debtor, Doran Wegner. On February 17, 1993, the Debtors executed a note and mortgage in favor of Letcher for the sum of $30,640. The mortgage, given to secure the note and encumbering the homestead property, was never recorded.

On March 2, 1995, the Debtors executed another note and mortgage in favor of Letcher in the sum of $45,000. This mortgage was properly recorded and its validity is not in question.

The unpaid principal balance on the unrecorded first mortgage is $25,085.56 plus interest accrued as of February 7, 1997, of $3,312.15 at 10% per annum. Although the value of the homestead property is not in evidence, the parties agree that it holds sufficient equity to pay a significant portion, if not all of the underlying debt.

On November 11, 1996, the Debtors entered into a Reaffirmation Agreement acknowledging and agreeing to pay the unpaid balance due on the February 1993 note secured by the unrecorded first mortgage.

## Conclusions of Law

■ The Trustee, relying upon his status as a bonafide purchaser of real property under section 544(a)(3) as of case commencement, argues that Letcher's unrecorded first mortgage is voidable by operation of section 47–19–41 of the North Dakota Century Code.

■ Section 544(a)(3) vests a trustee with the rights of a bonafide purchaser of real property for value and permits the invalidation of security interests in real property which, although enforceable between the parties themselves, are not properly perfected at case commencement due to a failure to fully comply with applicable state recording laws. *In re Nies*, 183 B.R. 866, 868 (Bankr.D.N.D. 1995). The question of perfection is one addressed by North Dakota law. North Dakota Century Code § 47–19–41 as relevant provides that "every conveyance of real estate not recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate ..." The failure of Letcher to cause his first mortgage to be recorded results in its defeat by the Trustee cloaked with the hypothetical status of a bonafide purchaser for value. Letcher does not dispute that this is the operational effect of section 544(a)(3) upon unrecorded mortgages but posits the argument that because the property subject to the avoided mortgage has been exempted as homestead, no *property of the estate* is involved and any lien preserved cannot benefit the estate.

■ Once a transfer, whether it be a security interest, preference or fraudulent conveyance, has been avoided by the Trustee, the Bankruptcy Code automatically preserves the avoided transfer or lien for the estate. Section 551 provides:

> Any transfer avoided under § 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under § 506(d) of this title, is preserved for the benefit of the estate *but only with respect to property of the estate.* (Emphasis added)

■ Clinging to the emphasized portion of the foregoing statute, Letcher charges that because the property was exempted it is not property of the estate and therefore there is nothing to preserve for the estate. The language of section 551 is deceptive and may indeed create expectations not contemplated by the statute. Section 551 enables

the bankruptcy estate to acquire the rights of the holder of the avoided lien so that junior lien holders do not benefit from the avoidance to the detriment of the estate. *In re Fowler*, 201 B.R. 771, 781 (Bankr.E.D.Tenn. 1996). This, of course, assumes the avoided lien was against property belonging to the estate. Letcher's argument on this point is not persuasive. Exemptions cannot be claimed in advance of case commencement. Rather, once a bankruptcy case is commenced by the filing of a petition, a bankruptcy estate is created comprised of *all* property. 11 U.S.C. § 541. From this estate as thus created, a debtor may then exempt certain property pursuant to section 522. The Trustee is cloaked with section 544 avoidance powers as of case commencement and at that same instant the corpus of the estate property amenable to being recovered by him pursuant to that section, is defined. A subsequent exemption election even if made contemporaneous with the filing of the case does not constrict the estate as originally defined at the moment of case inception.

■ Precisely the same argument now made by Letcher was advanced by the debtor in *In re Heintz*, 198 B.R. 581 (9th Cir.BAP 1996). There, as here, the argument was made that because exempt property is not property of the estate, an avoided lien cannot be preserved for the benefit of the estate. The court in *Heintz* emphasizing that property cannot be exempted unless it is first property of the estate, concluded that section 551 does not exclude exempt property from preservation. The court there said, "An avoided interest or lien encumbering exempt property is automatically preserved for the benefit of the estate under section 551." 198 B.R. at 586. It would make little sense to conclude otherwise as a debtor faced with avoidance of an interim mortgage could, subsequent to the avoidance, exempt the property gaining equity for himself and thereby defeat the intended effect of section 551. The exemption provisions of section 522 suggest by negative implication that a debtor cannot, by utilizing exemption statutes, take advantage of the trustee's recovery efforts in situations such as the case at bar. Section 522(g)(1)(A) in relevant part provides that notwithstanding section 551, a debtor may

exempt property the trustee recovers under section 551 *only if* the transfer was not a voluntary transfer of such property by the debtor. The clear implication here is that property that was voluntarily transferred by the debtor but recovered by the trustee under section 551 *cannot* be exempted. This, of course, would include a mortgage transaction like the one presently in contention. Assume the homestead property had not been exempted at case commencement. Could it now be exempted in an effort to defeat the effect of section 551? Clearly not under section 522(g). Making the claim of exemption at time of case commencement does not change the prohibitive effect of section 522(g). Exemption statutes cannot be invoked to defeat a section 551 recovery of an avoided voluntary transfer.

Letcher makes the additional argument that even if the mortgage is avoided by operation of section 544 and recovered by section 551, the Trustee as successor to the holder, winds up with an unrecorded first mortgage inferior to his rights as holder of the perfected $45,000 second mortgage.

■ It is correct that section 551 preserves the avoided mortgage without improving its status. The Trustee in avoiding an unperfected mortgage merely steps into the avoided mortgagee's shoes and only obtains the rights a perfected mortgagee would have had. *See In re Kavolchyck*, 164 B.R. 1018 (S.D.Fla.1994), *In re Fowler*, 201 B.R. 771 (Bankr.E.D.Tenn.1996). This puts the Trustee in the position of being a party to an unrecorded mortgage. Such mortgages are valid as between the mortgagor and the mortgagee as well as all persons having actual notice of the mortgage. N.D. Cent.Code § 47–19–46 provides that unrecorded instruments are valid as between the parties thereto and those who have notice thereof. As between these entities the mortgage is as effective as ever. *Welsch v. Lee*, 43 F.Supp. 368 (D.N.D.1941); *Magnuson v. Breher*, 69 N.D. 197, 284 N.W. 853 (1939). Letcher as mortgagee on both the unrecorded first mortgage and the second mortgage was no stranger to the first transaction and must be regarded as one having actual knowledge of

the first mortgage. Given this fact, avoidance of the first mortgage does not thrust Letcher's second mortgage into first position. The second mortgage remains subordinate to the unrecorded first mortgage now vested in the Trustee.

### Conclusion

The unrecorded first mortgage of Elroy Letcher is hereby avoided by operation of section 544(a)(3) and Kip M. Kaler, as Chapter 7 Trustee, succeeds to his interest thereunder by virtue of section 551. As between the avoided first mortgage and Letcher's second mortgage, the Trustee has first priority position.

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**

**SO ORDERED.**