# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 00-6005ND

_____

| | |
|---|---|
| In re: Roger Edward Arzt and Carol Ann Arzt | * |
| | * |
| | * |
| Debtor | * |
| | * |
| Kip M. Kaler, as Bankruptcy Trustee for Roger Edward Arzt and Carol Ann Arzt | * |
| | * |
| | * Appeal from the United States |
| | * Bankruptcy Court for the |
| Plaintiff-Appellee | * District of North Dakota |
| | * |
| v. | * |
| | * |
| David A. Overboe and John R. Wentz | * |
| | * |
| | * |
| Defendants-Appellants | * |

_____

Submitted June 30, 2000
Filed: August 29, 2000

_____

Before KRESSEL, SCHERMER, and FEDERMAN,[1] Bankruptcy Judges

_____

FEDERMAN, Bankruptcy Judge

---

[1]The Honorable Arthur B. Federman, Chief United States Bankruptcy Judge for the Western District of Missouri, sitting by designation.

David A Overboe and John R. Wentz (the Transferees) appeal from a bankruptcy court order avoiding a pre-petition preferential transfer, and holding that the property so transferred is property of the bankruptcy estate.[2] For the following reasons, we affirm the decision of the bankruptcy court.

I

On or before March 26, 1999, assets owned by Roger and Carol Arzt (the Debtors) included a homestead with approximately $80,000.00 in equity. The Debtors also had outstanding obligations to the Transferees and the Internal Revenue Service, among others. On March 26, 1999, the Debtors granted Transferee David Overboe a mortgage against the homestead, duly recorded that same day, in the amount of $12,000.00. The Debtors granted the mortgage in order to secure an antecedent debt in the amount of $9,135.00, for legal services previously rendered. The remaining $2,865.00 was to secure payment for future services to be incurred in relation to an anticipated bankruptcy filing.

Also on March 26, 1999, the Debtors granted Transferee John Wentz a mortgage against the homestead, duly recorded that same day, in the amount of $58,000.00. The Debtors granted this mortgage to secure a debt to Mr. Wentz that had been outstanding for a number of years.

On March 30, 1999, the Debtors filed a Chapter 7 bankruptcy petition, and Appellee Kip M. Kaler (the Trustee) was appointed as the Chapter 7 bankruptcy trustee.

On August 24, 1999, the Trustee filed an adversary proceeding against the Transferees. He sought to avoid the mortgage to Wentz, and all but $2,865.00 of the $12,000.00 mortgage to Overboe, as preferential transfers, pursuant to section 547 of the Bankruptcy Code (the Code). The Trustee also sought to preserve the Debtor's equity in their homestead for the benefit of the bankruptcy estate,  pursuant to section 551 of the Code. The Transferees

---

[2]The Honorable William A. Hill, United States Bankruptcy Judge for the  District of North Dakota.

conceded that the transfers were preferential. They argued, however, that the Trustee could not avoid the transfer by the Debtors of their exempt property because creditors could not otherwise reach the exempt property.

The bankruptcy court, relying on its ruling in <u>Kaler v. Letcher (In re Wegner)</u>,[3] ruled in favor of the Trustee. Transferees appealed. The Transferees make three arguments on appeal. They first argue that the Debtors' right to use, transfer, or encumber their homestead allowance is a fundamental right granted to the Debtors by state law. They next argue that by the time the Trustee filed this adversary proceeding, the Debtors had claimed the mortgaged property as exempt, thus it was no longer property of the bankruptcy estate, and not subject to the Trustee's avoidance powers. Finally, the Transferees argue that the Bankruptcy Appellate Panel for the Eighth Circuit (the BAP) is not constrained by the Eighth Circuit's summary affirmance of <u>In re Wegner</u>. We will deal with the first two arguments simultaneously.

## II

A bankruptcy appellate panel shall not set aside findings of fact unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness.[4] In this case, there is no factual dispute. We review the legal conclusions of the bankruptcy court <u>de novo</u>.[5]

## III

Section 541 of the Code provides that the filing of a bankruptcy petition, without more, creates an estate that contains all property in which the debtor has a legal or equitable interest:

---

[3] 210 B.R. 799 (Bankr. D. N.D. 1997), <u>aff'd</u>, 162 F.3d 1166 (8th Cir. 1998) (Table).

[4] <u>Gourley v. Usery (In re Usery)</u>, 123 F.3d 1089, 1093 (8th Cir. 1997); <u>O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co., Inc.)</u>, 118 F.3d 1246, 1250 (8th Cir. 1997) (citing <u>First Nat'l Bank of Olathe, Kansas v. Pontow</u>, 111 F.3d 604, 609 (8th Cir.1997)). Fed. R. Bankr. P. 8013.

[5] <u>First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow)</u>, 111 F.3d 604, 609 (8th Cir. 1997); <u>Sholdan v. Dietz (In re Sholdan)</u>, 108 F.3d 886, 888 (8th Cir. 1997).

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.[6]

Thus, all of the Debtors' property became property of the bankruptcy estate on the date the case was filed. That property included Debtors remaining equity in their homestead, which was less than $10,000.00 after Debtors voluntarily encumbered the homestead pre-petition. Debtors, however, have the right to exempt certain property from the estate based on either the Code or applicable state law.[7] Residents of North Dakota, where the Debtors resided on the date they filed their bankruptcy petition, are allowed only to claim exemptions allowable by North Dakota law.[8]

Under either state or federal law, however, debtors can only exempt property to the extent there is value in the property over and above consensual liens against the property.[9] On the date they filed their Chapter 7 petition, the Debtors could, therefore, only claim as exempt, that equity remaining after they had granted the Transferees consensual liens against their homestead.

The Code also vests in a bankruptcy trustee the power to avoid a transfer of property made by the debtor to a third party, if the transfer was: (1) made within 90 days of filing the petition; (2) made while the debtor was insolvent; (3) made on account of an antecedent debt; and (4) made while the debtor had other unsecured creditors:

---

[6] 11 U.S.C. § 541(a)(1).

[7] 11 U.S.C. § 522(b)(1) and (2)(A).

[8] N.D. Cent. Code § 28-22-17 (Supp. 1999); In re Reisnour, 56 B.R. 225, 227 (D. N.D. 1985).

[9] Mund v. Rambough, 432 N.W.2d 50, 56 (N.D. 1988); Karsznia v. Kelsey, 262 S.W.2d 844, 844 (Mo. 1953); Meeks Leasing Company v. Young, 881 S.W.2d 232, 236 (Mo. Ct. App. 1994); 11 U.S.C. § 522(f)(2)(A).

(B) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property --

> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made--
>
> > (A) on or within 90 days before the date of the filing of the petition;
> >
> > . . .
>
> (5) that enables such creditor to receive more than such creditor would receive if --
>
> > (A) the case were a case under chapter 7 of this title;
> >
> > (B) the transfer had not been made; and
> >
> > (C) such creditor received payment of such debt to the extent provided by the provisions of this title.[10]

The Transferees agreed at the outset that the granting of these two mortgages satisfied the elements of section 547(b), therefore, the transfers were preferential. The Debtors executed and duly recorded mortgages within four days of filing their Chapter 7 bankruptcy petition that, in effect, converted the Transferees' general unsecured claims into secured claims.

---

[10]11 U.S.C. § 547(b).

But, the Code not only vests a bankruptcy trustee with the power to avoid a preferential transfer, it also provides that once the transfer is avoided, the property that was transferred becomes property of the estate:

> Any transfer avoided under section 522, 544, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.[11]

While the Code, thus, provides that once a trustee avoids a preferential transfer the property becomes property of the estate,[12] Section 522(g) also provides that a debtor can exempt any equity created by the avoided transfer only under certain circumstances:

> (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under sections 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
>
> > (1)    (A) such transfer was not a voluntary transfer of such property by the debtor; and
> >
> > (B) the debtor did not conceal such property; or
> >
> > (2) the debtor could have avoided such transfer under subsection (f)(2) this section.[13]

None of those circumstances are present here. Debtors voluntarily chose to transfer most of the equity in their homestead prior to filing their Chapter 7 bankruptcy petition, and the Debtors could not have avoided these two mortgages under section 522(f).

---

[11] 11 U.S.C. § 551.

[12] Id.

[13] 11 U.S.C. § 522(g).

The bankruptcy court in North Dakota dealt with this precise issue in <u>Kaler v. Letcher (In re Wegner)</u>.[14] In <u>Wegner</u>, the trustee sought to avoid an unrecorded first mortgage against debtors' homestead and to preserve the mortgage lien for the benefit of the estate.[15] The holder of the unrecorded first mortgage argued that because the homestead was exempt property at the commencement of the case, section 551 was ineffective to bring any value to the estate. The court rejected this argument and found, instead, that a debtor may only exempt property the trustee recovers under section 551 if the transfer was not a voluntary transfer.[16] The <u>Wegner</u> Court then stated that the "exemption provisions of section 522 suggest by negative implication that a debtor cannot, by utilizing exemption statutes, take advantage of the trustee's recovery efforts."[17] The Court then concluded that the "clear implication here is that property that was voluntarily transferred by the debtor, but recovered by the trustee under section 551, <u>cannot</u> be exempted."[18] Other courts in the Eighth Circuit have also interpreted section 551 to so hold.[19] As the Court in <u>Wegner</u> explained, a bankruptcy trustee who avoids a transfer steps

---

[14]210 B.R. 799 (Bankr. D. N.D. 1997), <u>aff'd</u>, 162 F.3d 1166 (1998) (Table).

[15]<u>Id.</u> at 800.

[16]<u>Wegner</u>, 210 B.R. at 802 (citing <u>In re Heintz</u>, 198 B.R. 581, 586 (9th Cir. B.A.P. 1996)).

[17]<u>Wegner</u>, 210 B.R. at 802.

[18]<u>Id.</u>

[19]<u>See</u> <u>Fox Hill Office Investors, Ltd v. Mercantile Bank (In re Fox Hill Office Investors, Ltd.)</u>, 101 B.R. 1007, 1023 (Bankr. W.D. Mo. 1989) (holding that section 551 preserves the avoided transfer or lien to the estate). <u>See also</u> <u>In re Scott</u>, 2000 WL 122360, *1 (Bankr. N.D. Iowa Jan. 3, 2000) (holding that if a debtor had voluntarily granted a security interest that was later avoided, the debtor was not entitled to exempt the interest recovered); <u>Schieffler v. Beshears (In re Beshears)</u>, 182 B.R. 235, 240 (Bankr. E.D. Ark. 1995) (holding that debtors cannot claim an exemption in a homestead after trustee avoided the transfer of the property as a fraudulent conveyance because the transfer by the debtors was voluntary); <u>In re Flitter</u>, 181 B.R. 938, 941 (Bankr. D. Minn. 1995)(stating that where a debtor granted a consensual security interest in property later recovered by the trustee, the debtor voluntarily parted with the value and, thus, he cannot use section 522(g)(1) as the basis for a claim of exemption).

into the shoes of the transferee and acquires the same rights that the transferee held.[20] In other words, after the Trustee avoided the preferential transfers to the Transferees, the Trustee held the two mortgages for the benefit of the bankruptcy estate as a secured creditor. Thus, the only homestead equity Debtors had available to exempt after the commencement of this Chapter 7 case was the equity remaining after executing the two mortgages. As such, we find that the Trustee's recovery from the Transferees does not impair the Debtor's right to either encumber their homestead, or claim their homestead as exempt, under North Dakota law.

IV

The Transferees argue, however, that section 522(g) notwithstanding, under the Bankruptcy Act of 1898 (the Act), a bankruptcy trustee had no authority to avoid a transfer of exempt property because such property was not subject to the claims of creditors. They also claim that the Code did not specifically overrule such precedent, therefore, it is still relevant in this case. We disagree. The United States Supreme Court recently discussed the precedential value of legal conclusions, reached under the Act, that conflict with the language of the Code. In Hartford Underwriters v. Union Planters Bank, N.A. (In re Hen House Interstate, Inc.)[21] the Supreme Court explained that "while pre-Code practice 'informs our understanding of the language of the Code,' . . . it cannot overcome that language."[22] The Court then stated that "'[w]here the meaning of the Bankruptcy Code's text is itself clear . . . its operation is unimpeded by contrary . . . prior practice."[23] We find that the language in section 551 is clear and unambiguous, therefore, it leaves "no room for clarification by pre-code practice." It may be true that creditors cannot reach a debtor's exempt interest in property, but it is also true that debtors are free to voluntarily encumber that interest. That is what happened in this case, and

---

[20]Wegner, 210 B.R. at 802.

[21]___ U.S. ___, 120 S. Ct. 1942, ___ L. Ed. 2d ___ (2000).

[22]Id. at 1949 (quoting Kelly v. Robinson, 479 U.S. 36, 44, 107 S. Ct. 353, 358, 93 L. Ed. 2d 216 (1986)).

[23]Id. (quoting BFP v. Resolution Trust Corp., 511 U.S. 531, 114 S. Ct. 1757, 128 L. Ed. 2d 556 (1994).

since that voluntary transfer was preferential, the Trustee's recovery of the transfer is for the benefit of the estate, not the debtors.

V

The Transferees make one final argument. They claim that the Eighth Circuit affirmed both the bankruptcy court and the district court's holdings in Wegner by a summary affirmance, therefore, the BAP is not bound by that affirmance. The Eighth Circuit recently ruled on that precise issue.[24] In Anastasoff, the Court declared unconstitutional that portion of Rule 28(A)(i) of the Federal Procedural Rules Service, Court of Appeals, Eighth Circuit, that declares that unpublished opinions have no precedential value.[25] As the Court stated so eloquently:

> Inherent in every judicial decision is a declaration and interpretation of a general principle or rule of law. . . . This declaration of law is authoritative to the extent necessary for the decision, and must be applied in subsequent cases to similarly situated parties.[26]

The Court found that the precedential effect of judicial opinions derives from the nature of judicial power, and the limitation place thereon by Article III of the United States Constitution.[27] Any attempt to avoid the precedential effect of a prior decision merely because of a decision to not publish same would expand judicial power beyond the bounds envisioned by the Framers of the Constitution.[28] We, therefore, affirm the bankruptcy court's conclusions in this case because we are bound by the Eighth Circuit's opinion in Wegner. Moreover, we

---

[24]See Anastasoff v. United States of America, Case No-993917EM (8th Cir. Aug. 22, 2000).

[25]Id. at 3.

[26]Id.

[27]Id.

[28]Id. at 4.

9

affirm the bankruptcy court's legal conclusions because we find that sections 522(g)(1)(A) and 551 of the Code preserve the recovered property for the benefit of the bankruptcy estate.

VI

Accordingly, we affirm the judgment of the bankruptcy court.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT