**In re Ronald K. BETHEA, Debtor.**

**No. 01–02382.**

United States Bankruptcy Court, District of Columbia.

Feb. 12, 2002.

Diann Curry Moseley, Washington, DC, for debtor.

Kevin R. McCarthy, Lepon, McCarthy, White & Holwarth, Washington, DC, for trustee.

## DECISION RE OBJECTION
## TO EXEMPTIONS

S. MARTIN TEEL, Jr., Bankruptcy Judge.

Under consideration is the Chapter 7 trustee's Objection to Exemptions (Docket Entry ("D.E.") No. 8, filed January 4, 2002). The debtor opposes the trustee's objection (D.E. No. 13, filed January 18, 2002). For the following reasons, the trustee's objection will be sustained in part.

### I

The debtor scheduled his residence as having a value of $136,000.00. The residence is subject to a mortgage lien of $114,750.00.[1] The debtor claimed the entire value of the property as exempt under 11 U.S.C. § 522(b)(2). Unless the mortgage lien is avoided (or voided under § 506(d)), the mortgage lien is enforceable by the mortgagee against the debtor's residence despite the claimed exemption. 11 U.S.C. § 522(c)(2). The trustee has sought to avoid the mortgage lien in a separate proceeding before the court (*McCarthy v. Long Beach Mortgage Co. (In re Bethea)*, Adversary Proceeding No. 02–10001).

### II

Avoidance of the mortgage lien under 11 U.S.C. § 547 by the trustee would result in the mortgage lien's automatic preservation for the benefit of the bankruptcy estate under 11 U.S.C. § 551. *Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 584 (9th Cir. BAP 1996); *In re The Greater Southeast Community Hosp. Found., Inc.*, 237 B.R. 518, 522–23 (Bankr. D.D.C.1999); *Kepler v. Weis (In re Weis)*, 92 B.R. 816, 821 (Bankr.W.D.Wis.1988). From the perspective of assaying the debtor's exemptions, the lien is never avoided because the trustee's avoidance of the lien only results in a simultaneous change in ownership of the lien, not a freeing of the property from the lien. *See In re Aumiller*, 168 B.R. 811, 814 n. 1 (Bankr.D.D.C. 1994). Upon its preservation for the benefit of the estate, the lien becomes property of the estate. 11 U.S.C. § 551; *Greater Southeast Hosp. Found.*, 237 B.R. at 523. For three reasons, the court determines that the debtor's exemptions are ineffective to exempt any lien recovered by the trustee.

### A.

Although the debtor has claimed his residence as exempt, his schedule of exemptions does not identify as property being exempted the mortgage lien encumbering that property. Under § 522(c), property exempted generally remains liable for a debt secured by a lien. *In re Granati*, 271 B.R. 89, 95 (Bankr.E.D.Va. 2001) ("[V]alid liens, even against exempt

---

**1.** It is unclear from the debtor's schedules and statement of financial affairs what entity currently holds the mortgage on the debtor's property. The trustee's objection alleges that Long Beach Mortgage Company holds a mortgage on the debtor's residence of $114,750.00. The debtor's schedule D lists Washington Mutual Bank, FA as holding a mortgage on the debtor's residence of $136,000.00. The debtor's statement of fi-nancial affairs indicates that the debtor refinanced his mortgage on September 4, 2001, but fails to indicate which entity, Long Beach or Washington Mutual, is the current mortgagee. The court will assume for purposes of ruling on the trustee's objection that the trustee's allegation is correct as it was not denied by the debtor in his response to the trustee's objection.

property, pass through bankruptcy and may be enforced against the collateral ....."). Accordingly, § 522 treats a debtor's interest in real property as distinct from a mortgagee's lien on that property. Unless the debtor specifically listed the lien as being exempted, his exemption of the real property alone did not suffice to claim an exemption of the lien (that upon avoidance by the trustee would be property of the estate and exemptible under § 522(g) if the debtor met certain conditions). The trustee has thus objected to an exemption that was insufficient to exempt the lien, and the court will so declare.

### B.

Further, even if the debtor's exemptions could be read as claiming an exemption of the lien currently owned by the mortgagee, the court does not believe that it would be appropriate to permit the debtor to exempt the lien even before it is avoided and becomes property of the estate. Section 522 throughout consistently views property whose transfer is avoided as exemptible only once the transfer has been avoided.

Any right to exempt a lien recovered by a trustee under an avoidance power rests in § 522(g). If the debtor meets certain criteria, § 522(g) provides that the debtor:

> may exempt ... property that the trustee recovers ... **to the extent that the debtor could have exempted such property** ... **if such property had not been transferred**.

[Emphasis added.] Section 522(g) thus views the property as not exemptible prior to the transfer being avoided.

This view of § 522(g) is reinforced by examining subsections (f) and (h) of § 522, both of which empower a debtor herself to avoid certain transfers. Both provisions view the debtor's power to exempt property whose transfer is avoided as nonexistent until the transfer is avoided.

Section 522(f) empowers the debtor, under certain conditions, to avoid the fixing of certain judicial liens and non-purchase money security interests on the debtor's property if "such lien impairs **an exemption to which the debtor would have been entitled**." [Emphasis added.] The proper approach under § 522(f) is to "ask not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he *would have been* entitled but for the lien itself," *Owen v. Owen*, 500 U.S. 305, 310–11, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) (emphasis in original; footnote omitted), or, stated differently, "ask first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid and recover the lien," *id.*, 500 U.S. at 312–13, 111 S.Ct. 1833.

Similarly, under § 522(h), the debtor is permitted to seek to avoid a transfer avoidable by the trustee if the trustee fails to attempt to do so, only if the transfer is of:

> property ... the debtor **could have exempted** ... under subsection (g)(1) of this section **if the trustee had avoided such transfer** ....

[Emphasis added.] Section 522(h) thus views § 522(g) as treating the property as not exemptible until the transfer is avoided.

Section 522(i) specifically allows the debtor to exempt property whose transfer the debtor avoids under § 522(f) or (h), and similarly recognizes that the right to exempt arises only **after** avoidance:

> If the debtor avoids a transfer ... under subsection (f) or (h) of this section, the debtor ... may exempt any property so recovered ....

Finally, § 522(j) recognizes that the exemption made under § 522(g) (in the case of avoidances by the trustee) or under § 522(i) (in the case of avoidances by the debtor) can be made only after avoidance. Section 522(j) addresses a debtor who claimed exemptions on her original schedules that exhaust in part (or in full) the amount that she may exempt once property is recovered by way of avoidance:

the debtor may exempt a particular kind of property under subsections (g) and (i) of this section only to the extent that the debtor has exempted less property in value of such kind than that to which the debtor is entitled under subsection (b) of this section.

11 U.S.C. § 522(j).

Except for an ambiguous passage in *Owen v. Owen,* discussed below, the courts appear to have uniformly viewed property whose transfer is avoided as exemptible only after the avoidance. *See In re Grosso,* 51 B.R. 266, 270 (Bankr.D.N.M. 1984) (observing that "a voluntary ... transfer by the debtor of property otherwise subject to exemption operates to prevent the exemption of that property **when it is recovered** (11 U.S.C. § 522(g)(1)(A))" and referring to "moving property into the bankruptcy estate so that the debtor may **then** exempt it" (emphasis added)); *In re Alexander,* 11 B.R. 313, 315 (Bankr. S.D.Ohio 1981) ("Once such a transfer has been avoided, the debtor may recover from the initial transferee, for the benefit of the estate, the property transferred or its value and may exempt any such property." (citation omitted)).

While it is clear that in order to claim the lien as exempt, it must first be property of the estate, *Heintz,* 198 B.R. at 586, a passage in *Owen v. Owen* suggests that an avoidable lien capable of being recovered for the benefit of the estate is estate property prior to its recovery. The Supreme

Court, in *Owen v. Owen,* defined the scope of the bankruptcy estate to include:

[A]ll the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or **recoverable** through transfer and lien avoidance provisions ....

500 U.S. at 308, 111 S.Ct. 1833 (emphasis added). This passage, however, was not a holding in the case, and must be read in the context of the decision as a whole, which addressed the debtor's ability to avoid a lien under the hypothetical test of § 522(f). As discussed above, that provision permits avoidance of the fixing of a lien that impairs an exemption the debtor could have claimed but for the lien. Such an avoidance would preserve the lien for the benefit of the estate under § 551, and, in turn, permit its exemption and preservation for the benefit of the debtor under § 522(i). Accordingly, in stating that the estate includes not only interests already recovered but also interests recoverable, the focus of the quoted statement was the hypothetical test of § 522(f): whether the avoidance of the lien would permit the debtor to exempt the lien from the estate (which, in the world of § 522(f) includes such hypothetically recoverable property). Unless read in that way, the passage is in conflict with 11 U.S.C. § 541(a)(3) which makes clear that an avoidable transfer is rendered property of the estate only upon the transfer being preserved for the benefit of the estate, which can only occur after the transfer has been avoided by the trustee.

Indeed, *Owen v. Owen* recognizes this by observing the general rule that liens encumbering a debtor's property are not property of the estate, and then stating:

Only where the Code empowers the court to avoid liens or transfers can an interest originally not within the estate be passed to the estate, and **subse-**

**quently** (through the claim of an exemption) to the debtor.

*Owen v. Owen*, 500 U.S. at 309, 111 S.Ct. 1833 (emphasis added). This more specific passage negates any suggestion that the Court intended to treat recoverable property as property of the estate from the outset of the case.

■ Only after the avoided lien is rendered property of the estate, by being preserved for the benefit of the estate under § 551, is it capable of being claimed as exempt. *See id.* ("An exemption is an interest withdrawn from the estate ... for the benefit of creditors.... No property can be exempted ..., however, unless it first falls *within* the bankruptcy estate ...; obviously, then, an interest that is not possessed by the estate cannot be exempted.") (emphasis in original).

■ Finally, a trustee should not be put to the burden of objecting to an exemption of property that was transferred prepetition and that is not yet estate property. If the trustee succeeds in avoiding the transfer, then the debtor may appropriately claim an exemption of part (or all) of the recovered property, and force the trustee to object if the exemption is in error. Permitting an exemption prior to avoidance by the trustee would force the trustee prematurely, and often unnecessarily, to investigate and timely to object to the exemption if the trustee has not yet decided to seek to avoid the transfer of the property. If the trustee ultimately decides not to seek to avoid the transfer, the estate would have been unnecessarily burdened by the expenses that investigation and litigation of the debtor's premature exemption entailed.

■ As a somewhat lengthy aside, it is worth noting that this does not place any undue burden on a debtor. Once the trustee avoids a transfer, the debtor may amend her exemptions under F.R. Bankr.P. 1007(a), and trigger a deadline for objection by the trustee under F.R. Bankr.P. 4003(b). As a practical matter, liens avoided by the debtor under § 522(f) and (h) rarely need to be expressly exempted by the debtor in order for the debtor to obtain the benefit of the avoidance of the lien. Section 522(i)(2) contemplates that an avoided lien will be preserved either for the benefit of the estate under § 551, or, if the avoided lien is exemptible, for the benefit of the debtor. Section 522(i)(2) provides that such an avoided lien:

> may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection.

A lien avoided under § 522(f) by definition is a lien whose fixing impaired an exemption to which the debtor would have been entitled. In the case of lien avoidance by the debtor under § 522(h), the trustee has elected not to pursue avoidance of the lien usually in recognition of the debtor's right to exempt the lien if its transfer were avoided. So, as a practical matter, the trustee will usually treat a lien avoided under § 522(f) or (h) as the debtor's because he recognizes that the lien is property which the debtor "may exempt" and hence that the transfer "may be preserved for the benefit of the debtor." Even if the case is closed without any specific exempting of the lien, and without any adjudication that § 522(i)(2) treats the lien as the debtor's, there is still certainty because the avoidance of the lien means that the lien creditor cannot enforce its avoided lien, the principal goal the debtor desired, and the trustee no longer is in place to assert

the lien on behalf of the estate.[2] Accordingly, the court concludes that the debtor may not file a claim of exemption of property the trustee avoids under his avoidance power until the trustee has avoided the transfer.

## C.

■ Finally, even if the debtor were to amend his schedule C after the lien is avoided to claim the lien as exempt property, the claimed exemption would be invalid. *See In re Weis,* 92 B.R. at 821 (applying 11 U.S.C. § 522(g)(1) to preclude post-recovery exemption of voluntarily transferred lien).

Although § 522(c)(2) bars enforcement of a debt secured by a lien avoided by the trustee against property the debtor has exempted, § 551 automatically preserves such an avoided lien for the benefit of the estate. Accordingly, the issue becomes whether the debtor may exempt the preserved lien, a question that § 522(g) addresses. Subject to certain conditions, § 522(g) provides that "[n]otwithstanding section 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section ... 551 ... of this title, to the extent that the debtor could have exempted such property ... if such property had not been transferred...." Specifically, under 11 U.S.C. § 522(g)(1)(A), the debtor may only exempt a lien recovered by the estate if the transfer of a lien interest in the residence "was not a voluntary transfer of such property by the debtor." The debtor has not disputed that he voluntarily transferred the mortgage lien interest in the property (actually, a transfer by deed of trust to trustees under the deed of trust to secure payment of the

mortgagee's claim, but in the District of Columbia, a deed of trust is treated as the equivalent of a mortgage). Thus, § 522(g)(1)(A) precludes that debtor from exempting the lien once avoided. *In re Arzt,* 252 B.R. 138, 141–42 (8th Cir. BAP 2000); *Kaler v. Letcher (In re Wegner),* 210 B.R. 799, 802 (Bankr.D.N.D.1997) ("[P]roperty that was voluntarily transferred by the debtor, but recovered by the trustee cannot be exempted.").

■ While 11 U.S.C. § 522(g) precludes the debtor from claiming the lien to be avoided as exempt, it does not preclude the debtor from claiming the equity, if any, in his residence as exempt. However, the lien to be avoided remains an encumbrance in favor of the estate of the debtor's residence, thereby reducing the equity subject to the exemption. *See In re Carvell,* 222 B.R. 178, 180 (1st Cir. BAP 1998) ("Preservation is just that. It simply puts the estate in the shoes of the creditor whose lien is avoided.").

## III

■ While the trustee's objection to the debtor's exemption of the value of his residence is likely a precautionary measure taken in light of the Supreme Court's holding in *Taylor v. Freeland & Kronz,* 503 U.S. 638, 643–44, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280, 287 (1992) (holding that, even in the absence of a colorable basis for the claimed exemption, the failure of an interested party to object to a debtor's exemption within the time prescribed by F.R. Bankr.P. 4003(b) results in the property claimed as exempt being exempt), the objection is premature given the fact that the debtor, to date, has only claimed an

---

2. However, if the debtor seeks to assert the lien to defeat the rights of a junior lienor, the debtor may need an adjudication that the debtor now owns the lien, but that difficulty

does not arise from restricting the debtor to exempting the lien only after the lien is avoided.

exemption in his residence (which he is entitled to do pursuant to 11 U.S.C. § 522(b)(2)) and not an exemption of the lien (which he may not attempt to exempt until the lien is actually recovered, and that he would not be entitled to exempt pursuant to 11 U.S.C. § 522(g)). *In re Woodson*, 839 F.2d 610, 616 (9th Cir.1988) (interested party not required to object to an exemption in anticipation of an actual claim by the debtor). The debtor's claimed exemption of the full value of his residence has no preclusive effect upon the ability of the estate to enforce the avoided lien. *In re Arzt*, 252 B.R. at 142 (debtor may only exempt equity in excess of two mortgages avoided by the trustee and preserved for the benefit of the estate). Accordingly, the court will enter an order declaring that the debtor's exemptions are ineffective and premature to claim an exemption of the mortgage lien on the property.

However, because both parties have addressed the issue, the order will also declare that the debtor will not be entitled to exempt that lien if such lien is actually avoided by the trustee.[3]

**3.** The debtor's response to the trustee's objection does not contest that the mortgage lien was a voluntary transfer or contest the trustee's right to determine that the debtor cannot exempt the lien if avoided. It is thus appropriate to declare the lien to be non-exemptible.